## ELIAS McMELLEN ET AL. v. UNION NEWS CO.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 22, 1891.—Decided October 5, 1891.

(*a*) A news company, without the plaintiffs' consent, employed plaintiffs' son, an intelligent youth in his sixteenth year, to sell goods on passenger trains, with instructions not to get upon a train until it stopped, to get off before it started, and if it started before he could alight, to remain on the train until it stopped again:

1. In an action against the news company for negligence resulting in the death of the son, the plaintiffs' testimony showing that the son's companion alighted in safety before the train started, that the son remained on the train, and, in attempting to get off while it was in motion  was killed, it was not error to order a nonsuit.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 28 July Term 1891, Sup. Ct.; court below, No. 5 December Term 1887, C. P.

On November 16, 1887, Elias McMellen brought trespass against the Union News Company. Subsequently the name of Annie E. McMellen, wife of Elias McMellen, was added as a plaintiff by amendment. Issue.

At the trial on December 20, 1890, the plaintiffs introduced testimony showing that on October 15, 1887, the defendant company, a corporation, employed Joseph McMellen, the plaintiffs' son, to serve passenger trains stopping at Lancaster city with newspapers, periodicals, fruit, etc.; that said Joseph McMellen was between fifteen and sixteen years of age, and was so employed without the knowledge and consent of the plaintiffs; that, the next day, the boy got upon the front of the Day Express train east, to " work it " toward the rear, and was seen to meet a companion who had got upon the train from the rear, to work toward the front; that his companion got off before the train started, but young McMellen did not, and about fifteen hundred feet east of the station, his dead body was found at the side of the track at a curve. Portions of the testimony tended to show that young McMellen was a bright, active boy,

Arguments.

had assisted his father at the latter's trade as a carpenter, and was "worth nearly a full hand;" that he was instructed by the news company not to get upon a train until it had stopped, and always to get off before it started, and if he could not get off before the train started, he should ride on to the next stopping place; that after the train he was on started, he was last seen on the platform of a car with his basket in his hand, and a witness called to him, "for God's sake, don't jump!"

At the close of the plaintiffs' testimony, the court, PATTERSON, J., on motion of the defendant's counsel entered a judgment of nonsuit, with leave, etc.; exception. A rule to show cause why the judgment of nonsuit should not be taken off was subsequently discharged, whereupon the plaintiffs took this appeal, and assigned the orders entering the judgment and discharging the rule to show cause, etc., for error.

*Mr. B. Frank Eshleman* and *Mr. George Nauman* (with them *Mr. Emlen Franklin*), for the appellants.

Counsel cited: Rummel v. Dilworth, 131 Pa. 520; Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Tp. v. Watson, 112 Pa. 577; Pittsb. etc. Ry. Co. v. Taylor, 104 Pa. 315; Fairbanks v. Kerr, 70 Pa. 89; Scott v. Hunter, 46 Pa. 193; Russell v. Hutchinson, 15 W. N. 482; Schum v. Railroad Co., 107 Pa. 12; Nagle v. Railroad Co., 88 Pa. 35; Smith v. O'Connor, 48 Pa. 218; Glassey v. Railway Co., 57 Pa. 172; Schwenk v. Kehler, 122 Pa. 70.

*Mr. J. Hay Brown* (with him *Mr. W. U. Hensel* and *Mr. H. M. North*), for the appellee.

Other than cases cited by the appellants, counsel cited: Pass. Ry. Co. v. Trich, 117 Pa. 399; Penna. R. Co. v. Kerr, 62 Pa. 353; Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 280; Bunting v. Hogsett, 139 Pa. 363; Penna. R. Co. v. Hope, 80 Pa. 373; Oil Creek Ry. Co. v. Keighron, 74 Pa. 320; Chase v. Brady, 55 N. H. 574; Wharton on Negl., 2d ed., § 155; Penna. R. Co. v. Aspell, 23 Pa. 147; Shear. & Redf. on Negl., 2d ed., § 10; Milwaukee Ry. Co. v. Kellogg, 94 U. S. 475; Melchert v. Brewing Co., 140 Pa. 448; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Gillen v. Rowley, 134 Pa. 209; Zurn v. Tetlow, 134 Pa. 213.

Opinion of the Court.

PER CURIAM:

We think the plaintiffs were properly nonsuited. Conceding that their son was employed by the defendants without their knowledge, that fact would not make them responsible in damages for the accident of his death. The plaintiff can recover only by showing that the boy's death was caused by the negligence of the defendant. There was no evidence to sustain their contention upon that point.

The defendant company employed the plaintiffs' son, an intelligent lad of fifteen years of age, to sell newspapers, magazines, and other printed matter, upon the cars of the Pennsylvania Railroad Company at the city of Lancaster. This is an employment peculiarly fitted for boys, in which men are seldom engaged, and we are not aware that it has been usually regarded as a dangerous service. There is, of course, the same peril which passengers are subjected to, but little more. In this case there was even less hazard, as he was expressly directed by his employer to sell his wares from his basket only while the trains were standing in the station at Lancaster; that is to say, he was to board the trains as soon as they stopped, pass through with his basket, and leave the train before it started. He was further instructed that, if the train started before he got off, he was to go to the next stopping place. Had he obeyed these instructions, there was hardly a possibility of his being injured. It appears that on the day of the accident he attempted to get off the train after it had started and gone some distance. The evidence upon this point is not very clear, but there is no doubt that he was upon the train when it started, and that his body was found along the track some distance from the place of starting. Whether he fell off the train or jumped off was a disputed question, and not very material. He disobeyed his plain instructions, and his death was the unfortunate result. He was a well-grown, intelligent boy, in his sixteenth year; had worked for his father for some time at his trade of a carpenter, and, as the latter testified, was "worth nearly a full hand." We fail to see, under the circumstances, anything to show that the death of the lad was in any degree chargeable to the negligence of the defendant company.

Judgment affirmed.